**RECEIVED**
SEP 1 4 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Luis E. Perez
_____
(Name of the plaintiff or plaintiffs)

v.

U.S. Foods
Illinois Department of Human Rights
(Name of the defendant or defendants)

10cv5816
Judge Robert M. Dow, Jr
Magistrate Arlander Keys

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.
2. The plaintiff is __Luis E. Perez__ of the county of __Will__ in the state of __Illinois__.
3. The defendant's are (1) U.S. Foods 800 Supreme Drive, Bensenville, Il. 60106 (DuPage County) and (2) Illinois Department Human Rights Chicago Dist Office 500 W. Madison St Suite 200 Chgo. Il 60661, whose street address is _____
(city)_____ (county)_____ (state)_____ (ZIP)_____
(Defendant's telephone number) (___) - _____

II The plaintiff sought employment or was employed by the defendant at (street address) __800 Supreme Drive__ (city) __Bensenville__ (county) __Will__ (state) __Il.__ (ZIP code) __60106__

5. The plaintiff [check one box]
   (a) ☐ was denied employment by the defendant.
   (b) ☐ was hired and is still employed by the defendant.
   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) __May__, (day)_____, (year) __2005__.

7.1 *(Choose paragraph 7.1 or 7.2, do NOT complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*]

    ☐ has not ☐ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i)   ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

    (ii)   ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is ttached. ☐ YES. ☐ NO,

**but plaintiff will file a copy of the charge within 14 days.**
It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2   One of the defendants is a federal governmental agency, and
(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

    ☒ Yes (month)_____ (day)_____ (year) 2005
    ☐ No, did not file Complaint of Employment Discrimination

2. The plaintiff received a Final Agency Decision on (month) 06 (day) 21 (year) 2010.

c. Attached is a copy of the

    a. Complaint of Employment Discrimination,
    ☒ YES   ☐ NO, but a copy will be filed within 14 days.

    (ii) Final Agency Decision
    ☒ YES   ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) 06 (day) 21 (year) 2010 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

   (a) ☐ Age (Age Discrimination Employment Act).
   (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)
   (d) ☒ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)
   (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

    (a) ☐ failed to hire the plaintiff.
    (b) ☒ terminated the plaintiff's employment.
    (c) ☐ failed to promote the plaintiff.
    (d) ☐ failed to reasonably accommodate the plaintiff's religion.
    (e) ☒ failed to reasonably accommodate the plaintiff's disabilities.
    (f) ☒ failed to stop harassment;
    (g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;
    (h) ☐ other (specify):_____

    _____
    _____
    _____
    _____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

*Supervisors & Managers began to display a dislike to me, making insinuations about my nationality (Puerto Rican). Shortly after that began, the process began to ~~to~~ terminate me.*

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff. [X]

15. The plaintiff demands that the case be tried by a jury. [X] YES  [ ] NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a) [✓] Direct the defendant to hire the plaintiff. *WITH SENIORITY*
    (b) [✓] Direct the defendant to re-employ the plaintiff.
    (c) [ ] Direct the defendant to promote the plaintiff.
    (d) [ ] Direct the defendant to reasonably accommodate the plaintiff's religion.
    (e) [✓] Direct the defendant to reasonably accommodate the plaintiff's disabilities.
    (f) [ ] Direct the defendant to (specify): _____

    1) Pay back pay since terminated (as of Aug 2010 = $199,160)
    2) Rehire at position or equivalent previously held with full seniority reinstated
    3) $199,160 in pain/suffering/on-going therapy & any future medical procedure

    (g) [✓] If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.
    (h) [✓] Grant such other relief as the Court may find appropriate.

_____
Plaintiff's signature

Luis E. Perez
_____
Plaintiff's name

Case: 1:10-cv-05816 Document #: 1 Filed: 09/14/10 Page 5 of 9 PageID #:5

Plaintiff's street address  1717 Mystic Drive

City Plainfield  State IL  ZIP 60586

Plaintiff's telephone number 708/751-0319

Date: 9-14-10

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Luis Perez<br>3747 S Maple<br>Berwyn, IL 60402 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

**CERTIFIED MAIL 7010 0290 0003 3520 8352**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2005-02214 | Armernola P. Smith,<br>State & Local Coordinator | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe/mjh*     2010-06-21

John P. Rowe,<br>District Director     *(Date Mailed)*

Enclosures(s)

cc: US FOOD<br>800 Supreme Dr<br>Bensenville, IL 60106

# CHARGE of DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

05W0525.12

AGENCY: [X] IDHR  [X] EEOC

CHARGE NUMBER: 2005CA3582

## Illinois Department of Human Rights and EEOC

| Field | Value |
|---|---|
| NAME | LUIS PEREZ |
| HOME TELEPHONE | 708-788-3708 |
| STREET ADDRESS | 3747 S MAPLE |
| CITY, STATE AND ZIP CODE | BERWYN, IL 60402 |
| DATE OF BIRTH | 07/08/56 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| Field | Value |
|---|---|
| NAME | US FOOD |
| NUMBER OF EMPLOYEES, MEMBERS | 15+ |
| TELEPHONE | 630 595 1200 |
| STREET ADDRESS | 800 SUPREME DR |
| CITY, STATE AND ZIP CODE | BENSENVILL, IL 60106 |
| COUNTY | 031 |

CAUSE OF DISCRIMINATION BASED ON: NATIONAL ORIGIN    AGE    PHYSICAL HANDICAP

DATE OF DISCRIMINATION
EARLIEST (ADEA/EPA)  / /
LATEST (ALL)  05/01/2005
[ ] CONTINUING ACTION

THE PARTICULARS ARE (if additional space is needed attach extra sheet(s))

I.  A.  ISSUE/BASIS

HARASSMENT, BEGINNING ON OR ABOUT MAY 1, 2005 AND CONTINUING THROUGH MAY 30, 2005, BECAUSE OF MY NATIONAL ORIGIN, PUERTO RICO.

B.  PRIMA FACIE ALLEGATIONS

1. My national origin is Puerto Rico.

2. I have satisfactorily performed my duties as an Order Selector, and have been employed with Respondent since December 16, 1998.

3. Beginning on or about May 1, 2005 and continuing through May 30, 2005, I have been harassed in Respondent's workplace by Geronimo Cornell (non-Puerto Rico), Respondent's Cooler Supervisor. Cornell has harassed me by issuing me orders

(Continued)

[X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

OFFICIAL SEAL
RAQUEL C. GUERRA
Notary Public, State of Illinois
My Commission Expires 4/12/2008

Notary Public Seal

NOTARY (when necessary for State and Local Requirements)

[signature] 5/31/05

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

SIGNATURE OF COMPLAINANT: Luis Perez    DATE: 5/31/05

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, year)

EEOC FORM 5 (6/00)    FEP9ACF3

Complainant Name: LUIS PEREZ
Charge Number: 2005CA3582
Page 2

        to pick which exceed the number of units which are being issued to similarly situated, non-Puerto Rican order selectors. The disparity in an order selector's ability to complete the processing of an order produces a disparity in wages due to an employee, and affects their ability to meet the production standards mandated by the Respondent. I perceive Cornell's activities towards me as being harassing and intimidating, and it affects my ability to perform the essential duties of my job. No documentation has been received from Cornell which validates his reasons for his harassing activity towards me.

4. I believe that there have been other, similarly situated, non-Puerto Rico order selectors, such as Gary Goliak, Barrington Gordon, and others, that have not been harassed in the distribution of orders to be filled as I have been.

II.  A.  ISSUE/BASIS

    HARASSMENT, BEGINNING ON OR ABOUT MAY 1, 2005 AND CONTINUING THROUGH MAY 30, 2005, BECAUSE OF MY AGE, 48.

    B.  PRIMA FACIE ALLEGATIONS

1. I am 48 years of age.

2. I have satisfactorily performed my duties as an Order Selector, and have been employed with Respondent since December 16, 1998.

3. Beginning on or about May 1, 2005 and continuing through May 30, 2005, I have been harassed in Respondent's workplace by Geronimo Cornell (28), Respondent's Cooler Supervisor. Cornell has harassed me by issuing me orders to pick which exceed the number of units which are being issued to similarly situated, younger order selectors. The disparity in an order selector's ability to complete the processing of an order produces a disparity in wages due to an employee, and affects their ability to meet the production standards mandated by the Respondent. I perceive Cornell's activities towards me as being harassing and intimidating, and it

(Continued)

    affects my ability to perform the essential duties of my job. No documentation has been received from Cornell which validates his reasons for his harassing activity towards me.

4.  I believe that there have been other, similarly situated, younger order selectors, such as Gary Goliak, Barrington Gordon, and others, that have not been harassed in the distribution of orders to be filled as I have been.

III. A.  ISSUE/BASIS

HARASSMENT, BEGINNING ON OR ABOUT MAY 1, 2005 AND CONTINUING THROUGH MAY 30, 2005, BECAUSE OF MY PHYSICAL HANDICAPS, KNEE AND ANKLE DISORDERS.

B.  PRIMA FACIE ALLEGATIONS

1.  I am handicapped within the meaning of Section 1-103(I) of the Human Rights Act.

2.  Respondent was aware of my conditions.

3.  Beginning on or about May 1, 2005 and continuing through May 30, 2005, I have been harassed in Respondent's workplace by Geronimo Cornell (non-handicapped), Respondent's Cooler Supervisor. Cornell has harassed me by issuing me orders to pick which exceed the number of units which are being issued to similarly situated, non-handicapped order selectors. The disparity in an order selector's ability to complete the processing of an order produces a disparity in wages due to an employee, and affects their ability to meet the production standards mandated by the Respondent. I perceive Cornell's activities towards me as being harassing and intimidating, and it affects my ability to perform the essential duties of my job. No documentation has been received from Cornell which validates his reasons for his harassing activity towards me.

4.  I believe that there have been other, similarly situated, non-handicapped order selectors, such as Gary Goliak,

(Continued)